

777 Westchester Ave, Suite 101
White Plains, New York 10604
(O) (914) 218-6190
(F) (914) 206-4176
www.ElHaglaw.com
Jordan@Elhaglaw.com

*The Firm that Fights for Workers' Rights!*

February 25, 2018

<u>**Via ECF**</u>
Hon. Cathy Seibel
Unites States District Court Judge
Southern District of New York
United States Court House
300 Quarropas St.
White Plains, NY 10601

**Re:**   *Request for approval of FLSA Agreement.*
       *Rivera v. Zero Otto Nove et. al. 17-cv-05638 (CS)*

Dear Hon. Judge Seibel,

Our office represents the Plaintiff in the above referenced matter. I am pleased to advise the Court that the parties recently entered into a Negotiated Settlement Agreement ("Agreement"). As such, we write to request that the Court approve the parties' proposed Agreement and "So Order" the Stipulation And Order Of Dismissal Of FLSA Claims With Prejudice, filed herewith, discontinuing with prejudice Plaintiff's claims under the Fair Labor Standards Act ("FLSA").

The terms of the Agreement – attached hereto as Exhibit "A" – provide that in exchange for a release from Plaintiff of any and all claims under the FLSA, Plaintiff will receive a total gross sum of Twenty Six Thousand Dollars and Zero Cents ($26,000.00) (the "Settlement Amount"), inclusive of attorney's fees and costs.

The Agreement, which complies with <u>Cheeks v. Freeport Pancake House, Inc.,</u> No. 14-cv-299 (2d Cir. 2015) ("Cheeks"), reflects a compromise between the Plaintiff and Defendants. The Settlement Amount is being allocated as follows: (1) $15,000 for alleged unpaid wages and liquidated damages payable to Plaintiff, and (2) $11,000 to El-Hag & Associates, P.C for alleged costs and legal fees. This allocation reflects the agreement reached between the Parties and approved by the Court at the February 9, 2018 settlement conference before Your Honor.

The reasons this Agreement complies with Cheeks is as follows:

1. **Computation of Plaintiff's FLSA Recovery.** Plaintiff's estimated maximum FLSA damages is approximately $13,333.33. We arrived at this number based on a sampling of Plaintiff's pay and time records. In 2017, based on an incomplete calendar year (Plaintiff did not work the whole year) we can compute Plaintiff's damages as $7,800 (actual and liquidated). We rounded this number to $8,000 and multiplied it by 1.666, which is the total years Byron worked for Defendants.

Plaintiff would also be entitled to a maximum of $10,000 under the NY WTPA for not receiving wage notices and accurate paystubs. This totals $23,333.33 in FLSA and NYLL claims.

2. **Attorney fees are fair and reasonable.**[1] Plaintiff's counsel is receiving $10,000 in legal fees and $1,000 in costs under the Agreement, as discussed and approved at the February 9, 2018, settlement conference. I have attached a copy of my billing records with this letter. The actual costs incurred, without accounting for parking, travel, printing, etc., is $960, which is the process serving fee, filing fee and translation service fee for the February 9, 2018 hearing. My hourly time incurred equals $7,210 ($350 x 20.6 hours).

3. **Release is narrowly tailored.** Pursuant to Cheeks, the release of claims is narrowly tailored to only release the wage related claims in the Complaint.

4. **Risks of litigation.** Plaintiff did not want to engage in lengthy litigation, as discussed at the February 9, 2018 conference. The risk to Plaintiff was delay, and against my wishes, desired to settle this case. Considering the Defendants do have the means to engage in lengthy litigation, this was the primary risk driving settlement.

5. **Negotiation at arm's length.** This settlement was reached at arm's length as this was mediated with the help of the Court in the presence of the Plaintiff and Defendants.

For the foregoing reasons, Plaintiff and Defendants believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation. In light of the above, Plaintiff and Defendants respectfully request that this Court approve the parties' Agreement and that the Court "So Order" the Stipulation And Order Of Dismissal Of FLSA Claims With Prejudice.

We sincerely thank the Court for its time and consideration in this matter.

Respectfully submitted,

_____

Jordan El-Hag, Esq.

---

[1]      While Defendants' counsel joins in the request for approval of the settlement on behalf of Defendants, Defendants take no position as to Plaintiffs' counsel's request for approval of fees from the settlement.