UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Byron Rivera, individually and on behalf of all
persons similarly situated,

                                                      7: 17-cv-05638 (CS)

                        Plaintiff,

                  -against-

Restaurant Zero Otto Nove III, LLC, Roberto
Paciullo, Tony ("LNU").

                      Defendants.
-----------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT

      WHEREAS, Plaintiff **Byron Rivera** ("Plaintiff") and Defendants **Restaurant Zero Otto Nove III, LLC, Roberto Paciullo, and Tony Dollma (sued under the name Tony "LNU")** ("Defendants") desire to resolve, settle, and agree to dismiss with prejudice any and all claims which Plaintiff has made for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and under the New York Labor Law in or by the Complaint in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. **7:17-CV-05638 (CS)** (the "Lawsuit"), without further litigation or adjudication;

      WHEREAS Plaintiff and Defendants have chosen to enter into this Negotiated Settlement Agreement ("Agreement") to avoid further proceedings with respect to any and all claims Plaintiff has made pursuant to the FLSA and related New York Labor wage statutes and regulations (referred to herein as the "FLSA Claims") against Defendants in this Lawsuit or that Plaintiff could assert in any other case or forum and intending to settle, bar and waive any and all such claims that Plaintiff has or may have against Defendants;

      WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the FLSA Claims and New York State wage and hour and overtime laws;

      WHEREAS, a *bona fide* dispute exists as to Plaintiff's FLSA Claims and New York Labor Law claims;

WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state, or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, alleged employer policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the FLSA Claims and New York Labor Law Claims shall be dismissed in their entirety and with prejudice by the Court pursuant to the Stipulation And Order Of Dismissal of FLSA Claims and New York Labor Law Claims With Prejudice that shall be executed by counsels for Plaintiff and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Definition of Parties.**

    (a) "Releasor" shall be defined to include Plaintiff and Plaintiff's present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, counsel, and any otherwise affiliated or related persons and entities; and,

    (b) "Releasees" shall be defined to include Defendants herein, and all presently or formerly related or affiliated persons or entities, including, but not limited to, any present or former parent corporations, subsidiaries, investors, divisions, affiliated entities, employee benefit plans, purchasers of assets or stocks, insurers, joint ventures, partners, shareholders, family members, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, and representatives, as well as the employees and representatives of any such entity, and any otherwise related persons or entities.

2. **Plaintiff's Commitments.**

    In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees as follows:

    (a) Plaintiff will execute all documents, including, but not limited to, this Agreement, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown FLSA Claims and New York Labor Law Claims contained in complaints,

2

suits, actions, charges, claims or proceedings against Releasees existing or which could exist as of the date of the execution of this Agreement including this Lawsuit;

(b) Plaintiff will cooperate fully with the Defendants or any other Releasee to seek an order of dismissal of Plaintiff's FLSA and New York Labor claims arising from his employment with Defendants from any court of competent jurisdiction, administrative agency or other forum where any such claim is alleged to be owed. Plaintiff will execute any necessary papers or motions to carry out this obligation; including, but not limited to, a stipulation of dismissal with prejudice. This obligation shall continue until all of Plaintiff's FLSA claims and New York Labor Law claims arising from his employment with Defendants are fully and wholly dismissed with prejudice as against and Defendant or Releasee regardless of the forum in which such claim is pending.

(c) Plaintiff and Defendants agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the settlement, withdrawal, and dismissal of the FLSA Claims and New York Labor Law Claims.

3. **Release of FLSA and New York Labor Law Claims by Plaintiff.**

Releasor knowingly and voluntarily releases and forever discharges Releasees of and from any and all FLSA Claims and New York Labor Law claims of any kind or nature, whether known or unknown, arising up to and as of the date of the execution of this Agreement, which may exist against Defendants, including, but not limited to, the FLSA Claims and the New York Labor Law Claims contained in the Complaint in the Lawsuit and any other alleged violation of:

- the FLSA, and
- New York Labor Laws
- any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

4. **Consideration.**

(a) In exchange for the covenants, representations and promises made herein by Plaintiff, including the general and unlimited release of all FLSA Claims and the New York Labor Law Claims that Plaintiff has or may have against Defendants arising up to, and including the date

3

of the execution of this Agreement, and the dismissal with prejudice of the FLSA Claims and New York Labor Law Claims contained in the Lawsuit, Defendants agree to pay to Plaintiff the total sum of **Twenty Six Thousand Dollars and No Cents ($26,000.00)** ("the Settlement Sum"). The Settlement Sum will be paid as follows:

(i) **Fifteen Thousand Dollars ($15,000) payable to "Byron Rivera" as follows:** (i) On March 1, 2018, one check payable to **"Byron Rivera"** in the amount of **Three Thousand, Dollars and No Cents ($3,000.00)**, (ii) On the first day of each month thereafter for five consecutive months, on check payable to **"Byron Rivera"** in the amount of **Three Thousand Dollars and No Cents ($3,000.00)** until the balance of the **$15,000** total is paid in full; and

(ii) Checks payable to "El-Hag & Associates, P.C., as counsel for **"Byron Rivera"** in the amount of **Eleven Thousand Dollars and No Cents ($11,000.00)**, as payment for Plaintiff's alleged attorneys' fees and in expenses, which shall be reportable to Plaintiff and his attorneys on an IRS Form 1099. Plaintiff's counsel will provide an IRS Form W-9 to Defendants or their counsel for processing of this check. These payments shall be made in five equal payments of **Two Thousand Two Hundred ($2,200)** that are due and payable on the same day as the payments made to Plaintiff.

(iii) The above Settlement Sum payments shall be made by certified bank check and delivered by the first (1st) day of each month to the law office of El-Hag & Associates, P.C. at 777 Westchester Ave., Suite 101, White Plains, N.Y 10604. Time is of the essence with respect to the Settlement Sum payments.

(b) Regardless of any tax withholding or other deductions by Defendants from the Settlement Sum, Plaintiff must ensure that any and all tax obligations relating to the payments made hereunder are properly filed and/or paid. In the event that any federal, state, or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by Plaintiff of Plaintiff's share of said taxes, any interest, penalties, or other liabilities shall be the sole obligation and liability of Plaintiff, who shall hold harmless, indemnify and defend Defendants and pay any of Defendants' reasonable legal fees in connection with defending such claims.

(c) Plaintiff acknowledges and represents that the Defendants, his attorney Jordan A. El-Hag and the law firm El-Hag & Associates, P.C., has made no representations to Plaintiff concerning the tax treatment of the Settlement Sum or Plaintiff's tax obligations in connection with this Negotiated Settlement Agreement. Plaintiff further acknowledges that he sought the advice of an independent tax professional of his choosing to inform him of the tax implications, obligations and consequences of this settlement prior to Plaintiff executing this Negotiated Settlement Agreement. Furthermore, Plaintiff acknowledges and represents that his attorney, Jordan El-Hag & El-Hag & Associates, P.C, are not tax professionals, and Plaintiff was directed by them to seek the advice of his certified public accountant prior to entering into this Agreement.

(d) Plaintiff further acknowledges and agrees to the extent that the distribution of the Settlement Sum between Plaintiff and Plaintiff's counsel is not in accordance with the fee arrangement entered into between Plaintiff and Plaintiff's counsel, this Settlement Agreement supersedes and modifies the original fee arrangement between Plaintiff and Plaintiff's counsel. Plaintiff expressly acknowledges that the original fee arrangement between Plaintiff and Plaintiff's counsel shall become null and void upon Plaintiff's execution of this Agreement and any necessary approvals by the Court, and that the terms of this Settlement Agreement and the Settlement Agreement will govern and set forth the fee distribution between Plaintiff and Plaintiff's counsel.

(e) Upon the complete execution of this Agreement, counsel for the Parties shall sign the Stipulation And Order Of Dismissal Of FLSA and State Claims With Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(f) In the event that Defendants fail to pay Plaintiff the Settlement Sum in accordance with this Agreement, Plaintiff retains the right to reinstitute the Lawsuit and keep any and all payments paid by Defendants in connection with this Agreement as and for liquidated damages.

5. **No Other Entitlement Under the FLSA and New York Labor Laws.**

As a consequence of this settlement, Plaintiff affirms that Plaintiff has been paid and has received all compensation, wages, bonuses, commissions, benefits, and other monies to which Plaintiff is entitled under the FLSA and New York Labor Laws.

6. **Non-Admission of Wrongdoing.** Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

### 7. Severability and Modification.

(a) If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency, or other entity, Plaintiff and Defendants both agree that the court, administrative agency, or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal, or unenforceable, but could be interpreted or modified to be made valid, legal, or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable, and consistent with the intent stated in this Agreement, and the other party shall sign an agreement or stipulation to adopt that modification;

(b) If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect; and,

(c) However, if the release of all FLSA and New York Labor Law Claims contained herein is limited or held to be null and void, (i) this Agreement shall be interpreted to bar any FLSA and New York Labor Law Claims Plaintiff may assert; and, (ii) Plaintiff shall execute an enforceable general and unlimited release of all FLSA and New York Labor Law Claims or all monies paid hereunder shall be returned to Defendants.

**8. Applicable Law and Continuing Jurisdiction.** This Agreement shall be governed by, interpreted, constructed, and enforced in accordance with the laws of the State of New York. The Parties consent to the authority of United States District Judge Cathy Seibel of the United States District Court of the Southern District of New York, for all purposes and hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation and implementation

of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and the settlement contemplated thereby.

**9. Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

**10. Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all FLSA and New York Labor Claims as referenced above and to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication, or other substances or otherwise impaired. To the contrary, Plaintiff has a clear and complete understanding of this Agreement, as explained to Plaintiff by Plaintiff's counsel. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor, or other proceeding which would impair the right to settle and waive all FLSA and New York Labor Law Claims.

**11. Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

**12. Execution.**

(d) The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. The meaning, effect, and terms of this Agreement have been fully explained to Plaintiff by Plaintiff's counsel. Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all FLSA and New York Labor Law Claims that Plaintiff possibly could have against Releasees. Plaintiff further represents that Plaintiff is fully satisfied with the advice and counsel provided by Plaintiff's attorneys.

(e) Plaintiff fully understands the terms of this Agreement.

**PLAINTIFF IS ADVISED THAT PLAINTIFF HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH PLAINTIFF'S COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NEW YORK LABOR LAW CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES UP TO THE DATE OF EXECUTION OF THIS NEGOTIATED SETTLEMENT AGREEMENT.**

Plaintiff acknowledges and represents that this Settlement Agreement was translated for him from English to Spanish, and that he elected to rely on the interpretation of this Agreement instead of having the entire document translated into the Spanish Language.

El demandante reconoce y declara que este Acuerdo de conciliación fue traducido para él de inglés a español, y que decidió confiar en la interpretación de este Acuerdo en lugar de tener todo el documento traducido al idioma español.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

**BY PLAINTIFF:**

_____
Byron Rivera

**FOR DEFENDANTS:**

Restaurant Zero Otto Nove III, LLC

By: _____
Roberto Paciullo

Roberto Paciullo:

By: _____
Roberto Paciullo,

Fation Dollma:

By: _____
Fation Dollma

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Byron Rivera, individually and on behalf of all
persons similarly situated,

                                                                     7: 17-cv-05638 (CS)

                        Plaintiff,

                       -against-

Restaurant Zero Otto Nove III, LLC, Roberto
Paciullo, Tony ("LNU").

                        Defendants.
------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL
## OF CLAIMS WITH PREJUDICE

      IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Defendants, through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiff against Defendants in this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss all claims in the instant action with prejudice to Plaintiff. The terms of the Parties' Negotiated Settlement Agreement have been reviewed and approved by the Court. No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

*- THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK -*

| *Attorneys for Plaintiff* | *Defendants:* |
|---|---|
| EL-HAG & ASSOCIATES, P.C.<br>777 Westchester Ave., Suite 101<br>New York, N.Y. 10604<br>Tele. (914) 218-6190<br><br>By: _____<br>Jordan El-Hag<br><br>Dated: 2/24/18 | By: _____<br>Restaurant Zero Otto Nove III, LLC<br><br>By: _____<br>Roberto Paciullo<br><br>By: _____<br>Fation Dollma |

The Court hereby approves the settlement of all of the FLSA and New York Labor Law claims in this action, with prejudice.

SO ORDERED this ___ day of _____, 2018

_____
Hon. Cathy Seibel
United States District Judge